## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ELMER WILLIAMS,** *et al.*                                                    **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 2:14-CV-116-KS-MTP**

**BRANDON ROGERS,** *et al.*                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Motion for Default Judgment [12].

### I. BACKGROUND

This case arises from an automobile accident. Plaintiff Elmer Williams was driving a vehicle; Defendant Brandon Rogers was his passenger. Rogers was intoxicated, and he dropped a lit cigarette on the floor of the vehicle. Williams attempted to find the cigarette and ran off the road. The vehicle rolled over several times, injuring Williams.

Williams and his wife filed a Complaint [1-2] in the Circuit Court of Forrest County, Mississippi, which was removed [1] to this Court. They asserted two claims against Rogers: negligence and negligent infliction of emotional distress. They seek a wide variety of damages, including loss of consortium, lost wages, past and future medical expenses, and emotional distress. The Court now considers their Motion for Default Judgment [12] against Rogers.

### II. DISCUSSION

Plaintiffs filed their Complaint [1-2] on May 20, 2014. A copy of the Complaint

was served on Defendant Brandon Rogers on September 15, 2014 [7].[1] Defendant's answer was due on or before October 6, 2014, FED. R. CIV. P. 12(a)(1)(A)(i), but he failed to file one. Therefore, the Clerk properly entered his default [11]. *See* FED. R. CIV. P. 55(a). Plaintiffs subsequently filed their Motion for Default Judgment [12], which is ripe for review. *See* FED. R. CIV. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").

By his default, Defendant Rogers admitted Plaintiffs' well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing Plaintiffs' Motion for Default Judgment [12], the Court accepts the factual allegations of the Complaint as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had

---

[1]The record contains a letter from another individual named Brandon Rogers [1-3]. To be clear, Plaintiffs initially served the wrong individual, and the Complaint was served on the correct Brandon Rogers after removal [7].

failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Id.*

### A.    *Negligence*

First, Plaintiffs asserted a negligence claim against Defendant Rogers. In the Complaint, Plaintiffs alleged that Defendant Rogers had a duty to maintain control of his cigarette, and that his failure to do so distracted Plaintiff Elmer Williams, causing the accident. A negligence claim has four elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Thomas v. Columbia Grp., LLC*, 969 So. 2d 849, 852 (Miss. 2007).

Plaintiffs failed to cite any Mississippi case law supporting their argument that Rogers – a passenger – owed Plaintiff Elmer Williams – the driver – a duty to maintain control of his cigarette. In light of Plaintiff's failure to provide the Court with any substantive discussion of the duties owed to drivers by their passengers under Mississippi tort law, the Court declines to enter a default judgment against Defendant Rogers as to Plaintiffs' negligence claim.

### B.    *Negligent Infliction of Emotional Distress*

Next, Plaintiffs asserted a claim for negligent infliction of emotional distress. The elements of negligence – duty, breach, causation, damages – are an essential element of a claim for negligent infliction of emotional distress. *Harried v. Krutz*, 813 F. Supp. 2d 835, 841-42 (S.D. Miss. 2011); *Blake v. Wilson*, 962 So. 2d 705, 715 (Miss. Ct. App. 2007). For the same reasons provided above, the Court declines to enter a

default judgment against Defendant Rogers as to Plaintiffs' claim for negligent infliction of emotional distress.

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Default Judgment [12].

SO ORDERED AND ADJUDGED this 24th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE