IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ELMER WILLIAMS,** *et al.*                                                                      **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO. 2:14-CV-116-KS-MTP**

**BRANDON ROGERS,** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Amended Motion for Default Judgment [26].

### I. BACKGROUND

This case arises from an automobile accident. Plaintiff Elmer Williams was driving a vehicle; Defendant Brandon Rogers was his passenger. Rogers was intoxicated, and he dropped a lit cigarette on the floor of the vehicle. Williams attempted to find the cigarette and ran off the road. The vehicle rolled over several times, injuring Williams.

Williams and his wife filed a Complaint [1-2] in the Circuit Court of Forrest County, Mississippi, which was removed [1] to this Court. They asserted two claims against Rogers: negligence and negligent infliction of emotional distress. They seek a wide variety of damages, including loss of consortium, lost wages, past and future medical expenses, and emotional distress.

### II. DISCUSSION

Plaintiffs filed their Complaint [1-2] on May 20, 2014. A copy of the Complaint

was served on Defendant Brandon Rogers on September 15, 2014 [7].[1] Defendant's answer was due on or before October 6, 2014, FED. R. CIV. P. 12(a)(1)(A)(i), but he failed to file one. Therefore, the Clerk properly entered his default [11]. *See* FED. R. CIV. P. 55(a). Plaintiffs subsequently filed their Motion for Default Judgment [12].

By his default, Defendant Rogers admitted Plaintiffs' well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing a motion for default judgment, the Court accepts the factual allegations of the Complaint as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor

---

[1] The record contains a letter from another individual named Brandon Rogers [1-3]. To be clear, Plaintiffs initially served the wrong individual, and the Complaint was served on the correct Brandon Rogers after removal [7].

of . . . securing a trial upon the merits." *Id.*

In its Memorandum Opinion [13] addressing Plaintiffs' initial Motion for Default Judgment against Rogers, the Court noted that Plaintiffs failed to cite any Mississippi law supporting their argument that Rogers – a passenger – owed Plaintiff Elmer Williams – the driver – a duty to maintain control of his cigarette. Plaintiffs merely recited the facts demonstrating that Rogers was in default, without providing any substantive discussion of Mississippi tort law. They cited no case law addressing the duty of care owed to drivers by their passengers. They failed to even recite the bare elements of their causes of action. It is not the Court's responsibility to research Mississippi law and advance an argument on behalf of the Plaintiffs. Accordingly, the Court denied their Motion for Default Judgment [12].

On October 1, 2015, the Court granted [25] State Farm's Motion for Summary Judgment [17]. It gave Plaintiffs two weeks to file an amended motion for default judgment as to Rogers and cure their briefing deficiencies. Plaintiffs filed an Amended Motion for Default Judgment [26], but they wholly failed to provide any discussion of Mississippi tort law. They did not provide any legal argument demonstrating that the admitted facts from the Complaint subject Rogers to liability under Mississippi law. Once again, the Court declines to make their argument for them.

Therefore, Plaintiffs failed to demonstrate that the admitted allegations of their pleading entitle them to a judgment against Defendant Brandon Rogers, and the Court denies their Amended Motion for Default Judgment [26].

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Amended Motion for Default Judgment [26] against Defendant Brandon Rogers.

SO ORDERED AND ADJUDGED this 20th day of October, 2015.

>  *s/Keith Starrett*
>  UNITED STATES DISTRICT JUDGE